UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Green, #97596-071,                              ) | C/A No. 3:06-02377-PMD-JRM |
|                                                                  ) | |
| Petitioner,        ) | |
|                                                                  ) | |
| v.                                                              ) | |
|                                                                  ) | Report and Recommendation |
| John LaManna, Warden of FPC Edgefield,    ) | |
| in his official capacity,                              ) | |
|                                                                  ) | |
| Respondent.    ) | |
| _____ ) | |

This matter is before the Court on a petition seeking habeas corpus relief under 28 U.S.C. § 2241.* This Court entered an order (proper form order) on August 29, 2006, requiring petitioner to bring this case into proper form by paying the five dollar ($5) filing fee or filing certain financial documents evidencing his inability to pay. Petitioner complied with the proper form order and paid the filing fee on September 15, 2006. An order dismissing this case for failure to comply with the proper form order was entered in error on September 26, 2006. Petitioner filed a motion to reconsider the dismissal order. Petitioner's motion to reconsider dismissal was granted, the order of dismissal was vacated, and the case was returned to the undersigned for further handling.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required

---

*Hereinafter, reference to habeas corpus sections of Title 28 (28 U.S.C. § 2241 and 28 U.S.C. § 2255) will be by section number only.

Dockets.Justia.com

to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. On August 9, 2002, petitioner was sentenced by this District Court to 188 months imprisonment and six years supervised release on one count of possession with intent to distribute and distribution of heroin. Petitioner filed a direct appeal, and his conviction and sentence were affirmed. Following his direct appeal, petitioner filed a motion to vacate, set aside, or correct his sentence under § 2255. Petitioner's § 2255 motion was denied on April 7, 2004, and petitioner appealed. On September 15, 2004, the United States Court of Appeals for the Fourth Circuit denied the petitioner a certificate of appealability on his § 2255 motion and dismissed his appeal.

Petitioner brings this § 2241 writ of habeas corpus based on two of the same grounds previously stated in his § 2255 motion relating to his conviction and sentence. This petition for writ of habeas corpus under § 2241 should be dismissed because the petitioner's claims are cognizable only under § 2255, not § 2241. Because petitioner's claims raised in this petition are cognizable

under § 2255, and this would be his second § 2255 motion, this motion is successive. Petitioner has failed to comply with 28 U.S.C. § 2244 because he has not secured an order from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider a successive § 2255 petition. *See* 28 U.S.C. §§ 2244, 2255.

Prior to enactment of § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. When a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 remains an option as a remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner does not state clearly that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention, but he does ask that he "not be barred from an appropriate remedy because he has misstyled his [§ 2241] motion." (Pet. 1.) Petitioner should not be allowed to bring this action styled as a § 2241 petition in order to circumvent the fact that he has not been granted authority to file a successive § 2255 motion. The fact that a § 2255 motion filed by the petitioner previously has been denied does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Petitioner clearly does challenge the validity of his sentence. (Pet. 2, 9.) According to at least one court, "a prisoner who challenges his *federal* conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*,

13 F.3d 1079, 1080 (7th Cir.1994). A petition for habeas corpus under § 2241, in contrast, is the "vehicle for challenging the execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991).

### Recommendation

Accordingly, it is recommended that this § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

October 31, 2006
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976); and *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992); *Oliverson v. West Valley City*, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In *Howard*, 932 F.2d at 505, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Id. Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3d Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, 766 F.2d at 841; *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
