IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Green, #97596-071, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 3:06-02377-PMD-JRM |
| v. ) | |
| ) | |
| John LaManna, Warden of FPC ) | |
| Edgefield, in his official capacity, ) | **ORDER** |
| ) | |
| Respondent. ) | |

This matter is before the court upon Petitioner Carl Green's ("Green" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R recommends dismissal of Green's petition without prejudice. A party may object, in writing, to an R&R within ten days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1). Green filed timely objections to the R&R.

**BACKGROUND**

Petitioner Green is a federal prisoner at the Federal Prison Camp located in Edgefield, South Carolina. On April 2, 2002, this court sentenced Petitioner to 188 months imprisonment and six years supervised release on one count of possession with intent to distribute and distribution of heroin. Petitioner filed a direct appeal, and his conviction and sentence were affirmed. Petitioner then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which this court denied on April 7, 2004. Green appealed, and the Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability on his § 2255 motion and dismissed the appeal.

1

Petitioner now brings this § 2241 petition for writ of habeas corpus based on the following two grounds: (1) "[t]he quantity of drugs admitted to by the Defendant was 0.07 grams of heroin and NOT 'less than 100 grams,'" and (2) Petitioner "was sentenced utilizing convictions which were more than fifteen (15) years prior to the instant offense." (Petition at 6.)[1]  On October 31, 2006, Magistrate Judge McCrorey issued an R&R recommending that Green's § 2241 petition be dismissed without prejudice.  Specifically, Judge McCrorey recommends the § 2241 petition be dismissed because (1) Green's claims are cognizable only under § 2255, (2) this motion is a successive § 2255 motion, as this would be his second motion, and (3) he has not secured an order from the Fourth Circuit authorizing consideration of a successive § 2255 petition. (*See* R&R at 2-3.)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R.  28 U.S.C. § 636(b)(1).  After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## ANALYSIS

In his R&R, the Magistrate Judge classifies Green's § 2241 petition as a § 2255 motion and then recommends this court dismiss the § 2255 motion because Green has not obtained an order from the Fourth Circuit authorizing this court to consider the successive § 2255 petition.  (R&R at 2-3.)  In his objections, Green argues that he is entitled to seek relief under § 2241 because § 2255

---

[1] Green raised both of these grounds in his § 2255 motion filed on October 14, 2003.

2

is inadequate and ineffective to test the legality of his detention.

A district court is prohibited from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief." 28 U.S.C. § 2255. However, § 2255 includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255; *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Under the *Jones* test, § 2255 is inadequate or ineffective to test the legality of a conviction when the following three prongs are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. However, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. *See id.* at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *see also Levine v. Pettiford*, No. CIVA 9:06-1265SB, 2006 WL 2107072, at *2 (D.S.C. July 28, 2006). Petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of § 2255. *See In re Eidson*, 129 F.3d 1259 (4th Cir. 1997) (unpublished table decision)*; McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

In the case *sub judice*, Green has not demonstrated that § 2255 is inadequate or ineffective. Green does not cite *In re Jones,* 226 F.3d 328 (4th Cir. 2000)*,* or make any reference to the *Jones*

3

test in his Memorandum in Support of Habeas Corpus Motion or his Objections. Nor does he argue the substantive law has changed such that the conduct of which he was convicted is no longer criminal. Because Petitioner has not met his burden to prove § 2255 is inadequate or ineffective, he is not entitled to proceed under § 2241. *See De La Puente v. United States*, No. Civ.A. 706CV00019, 2006 WL 148747, at *2 (W.D. Va. Jan. 19, 2006) ("Because petitioner does not demonstrate under *Jones* that § 2255 is inadequate to test the legality of his detention, he is not entitled to relief under § 2241."); *Eubanks v. Compton*, No. Civ.A. 704CV00307, 2004 WL 3606911, at *2 (W.D. Va. June 17, 2004).

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Green's § 2241 petition is summarily **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 22, 2007**